# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

TRE'VON MILLER/
LUHCHAUNCEY WILLIAMS                                              PLAINTIFF

V.                               4:18CV00685 JM

OFFICE OF CHILD SUPPORT ENFORCEMENT                               DEFENDANT

## ORDER

Pending before this Court is the Plaintiff's Motion to Proceed *In Forma Pauperis* and Complaint. Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous or malicious, or it fails to state a claim upon which relief can be granted. The decision of whether a complaint is frivolous or malicious precedes the decision of whether to grant *in forma pauperis* status and whether to order service of process. *See Carney v. Houston* 33 F.3d 893, 895 (8th Cir. 1994) (citing *Gentile v. Missouri Dept. Of Corrections*, 986 F.2d 214 (8th Cir. 1993)). "If the complaint is frivolous or malicious, the district court should dismiss it out of hand." *Id*.

A complaint is frivolous where it lacks an arguable basis in either law or fact. *See Neitzke v. Williams,* 490 U.S. 319, 325-27 (1989). A claim is frivolous if it "describ[es] fantastic or delusional scenarios," the factual contentions are "clearly baseless," or there is no rational basis in law. *Neitzke v. Williams,* 490 U.S. 319, 327-29 (1989). A court may dismiss such a complaint before service of process and without leave to amend. *Christiansen v. Clarke,* 147 F.3d 655, 658 (8th Cir. 1998), *cert. denied,* 525 U.S. 1023 (1998). *See also Higgins v. Carpenter,* 258 F.3d 797, 800 (8th Cir. 2001), *cert. denied sub nom. Early v. Harmon,* 535 U.S. 1040 (2002).

In this case, Plaintiff names the Office of Child Support Enforcement as the Defendant.

Plaintiff alleges:

> there had been a (n) [sic] weird occurrence in terms of the judiciality present within the court (the occurrence having happened to someone other than the plaintiff according to an anonymous testimony) [sic] The plaintiff had seemed to have had an issue with the validity of the results he had received from the Defendant, or the Office child [sic] Support Enforcement located at 322 S. Main St, site 100. 'The validity of the paternity testing appears to appear quite vague to many of my council. I'm to the point of being willing to provide currency for better answers 28 U.S.C. 1331, he pleaded for relief consideration of the court, justice is what I think he would call it.

(Complaint, ECF No. 2).

"A pro se plaintiff must set forth enough factual allegations to 'nudge[ ] their claims across the line from conceivable to plausible,' or 'their complaint must be dismissed' for failing to state a claim upon which relief can be granted.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). After reviewing Plaintiff's *pro se* Complaint, the Court finds that the Complaint should be, and hereby is, dismissed *sua sponte*. The Complaint is nonsensical and there is no basis for jurisdiction in this Court.

Plaintiff's Complaint is frivolous and, therefore, the Complaint (Docket # 2) is dismissed without prejudice. The Motion to Proceed *In Forma* Pauperis (Docket # 1) is moot. The Clerk is directed to close the case.

IT IS SO ORDERED this 21st day of September 2018.

_____
James M. Moody Jr
United States District Judge